UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIE MADDOX | CIVIL ACTION |
| VERSUS | NO. 15-6985 |
| ROCKIN D MARINE SERVICES, LLC AND ROCKIN D OFFSHORE, LLC | SECTION "R" (2) |

### ORDER AND REASONS

Defendants, Rockin D Marine Services, LLC and Rockin D Offshore, LLC, move to exclude the proposed testimony of plaintiff's safety expert, Don (D.J.) Green.  Because Green's testimony does not assist the trier of fact to understand the evidence or determine a fact in issue, the Court excludes it.[1]

### I.  Factual Background.

Plaintiff, Dennie Maddox, was injured when he and a co-worker lifted a heavy lead battery to a vessel owned by Defendants, Rockin D Marine Services, LLC and Rockin D Offshore, LLC.  Plaintiff contends that the deckhand who was helping him lift the battery failed to follow his direction to set the battery down on the galley threshold and instead took the battery

---

[1]  R. Doc. 24.

too quickly over the threshold and down the galley steps, which caused Plaintiff to strain his back. Plaintiff proposes to call Don Green as a marine safety expert. Green has opined that Defendants failed to provide a reasonably safe place to work or a seaworthy vessel because the deckhand failed to follow Plaintiff's instructions and the distance between the step and the sill made the lifting maneuver unsafe. Defendants now seek to exclude Green from testifying because they contend that his opinion does not aid the trier of fact to understand any scientific, technical, or matter involving special knowledge.

## II. Expert Testimony Must Assist the Trier of Fact.

Under Rule 702 of the Federal Rules of Evidence,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, for expert opinion to be admissible, the expert must be qualified and his opinion must assist the trier of fact to understand the evidence or determine a fact at issue. Expert testimony is superfluous if the facts can be accurately and intelligently described to the jury, and the jury is as capable of comprehending them and drawing conclusions from them as purportedly specialized experts. *Salem v. United States Lines Co.*, 370 U.S. 31, 36 (1962).

Here, the issues do not require scientific, technical, or specialized knowledge. Maddox allegedly hurt his back when he was helping another crew member carry a battery weighing approximately 120 pounds across a raised door sill. It is well within the competence of the average juror to assess whether this was not a reasonably safe maneuver. *See Peters v. Five Star Marine Service*, 898 F. 2d 448, 449-450 (5th Cir. 1990); *see also Alvarado v. Diamond Offshore Mgmt. Co.,* No. 11-25, 2011 WL 4948031, at *3 (E.D. La. Oct. 18, 2011) (excluding expert testimony regarding task of lifting 50 to 60 pound sacks); *Gayle v. Louisiana Dock Co.*, No. 99-3110, 2000 WL 1059815 (E.D. La. July 31, 2000)(proffered expert testimony not helpful to the jury when issue is whether employee needed assistance to lift heavy objects high enough to clear a railing). There is nothing uniquely maritime or technical about the task at issue that requires expert assistance. Further,

a review of Green's expert report reveals that it is bereft of the application of any scientific or technical knowledge. He opines that defendants failed to provide adequate instructions and procedures, but he does not identify what those procedures should have been. He opines that the steps were too far from the door sill, not based on any knowledge or principal of ship design or safety regulation, but because someone testified that this was so.[2] He offers no reason based on his purported expertise why this is true. Indeed, in Plaintiff's response, he contends that Green is not really commenting on the ship's design, but on the need for "better" (albeit unidentified) "procedures" for lifting 125 pound batteries.[3]

    For all of the foregoing reasons, Green's proposed testimony will not assist the trier of fact, and Defendants' motion to exclude it is GRANTED.

    New Orleans, Louisiana, this __3rd__ day of January, 2017.

                               _____
                                   SARAH S. VANCE
                       UNITED STATES DISTRICT JUDGE

---

[2]    *See* R. Doc. 24-4 at 3.
[3]    R. Doc. 25 at 7.